SPINELL v. PHILIPSON et al.

(Supreme Court, Appellate Term.   May 2, 1905.)

CONVERSION—EVIDENCE—DEMAND.
        Where plaintiff turned over to defendant hats to sell for plaintiff's ac-
    count, plaintiff could not maintain an action for conversion of the hats
    before a sale, and before any demand for return of the hats.

Appeal from Municipal Court, Borough of Manhattan, Thirteenth District.

Action by Philip Spinell against Samuel Philipson and others, do-
ing business as Samuel Philipson & Co.   From a judgment in
favor of plaintiff, defendants appeal.   Reversed.

Argued before SCOTT, LEVENTRITT, and GREENBAUM,
JJ.

Adolph Bloch, for appellants.
Alex. B. Greenberg, for respondent.

LEVENTRITT, J.   The plaintiff recovered judgment in an ac-
tion for conversion.   His version of the contract with the defend-
ants was accepted by the justice below, and is amply supported by
the record.   He had at various times purchased hats from the de-
fendants.   At the time of the agreement in question he was in-
debted to them in the sum of $268.25.   Unable to pay in money, he
turned over to the defendants a quantity of hats, which, at the prices
at which they had been sold to him, represented a value of $381.88.
The defendants agreed to accept enough hats at the prices at which
they had been sold to the plaintiff to wipe out the indebtedness of
$268.25, and to sell the remainder, amounting at the billed value to
$113.63, for the plaintiff's account, and to turn over to him the pro-
ceeds.   Without waiting for the sale of these hats to be consum-
mated, and without demanding the return of hats in kind, the plain-
tiff made demand of the defendants for the sum of $113.63, and, upon
their refusal, sued in conversion.

The judgment cannot be sustained.   The defendants' original pos-
session of the hats valued at $113.63 was rightful.   They certainly
had a reasonable time within which to sell them.   If, for any reason
not disclosed on the record, the plaintiff had the right to demand
back the hats in excess of the number necessary to equal in value
the amount of the original indebtedness of $268.25, he cannot sue in
conversion, because there was no demand for the return of hats.
He could not demand the proceeds of the sale of those hats until
a sale had actually taken place, and, as the record is barren of any
proof of a sale, the demand for money was premature.   On his
theory, hats of the value of $113.63 were intrusted to the defendants
for the purpose of sale.   No sale has been had.   The lawful posses-
sion of hats or proceeds could not become tortious until a demand
made for hats, or for money after sale had.   The judgment must be
reversed.

Judgment reversed and new trial ordered, with costs to appel-
lant to abide event.   All concur.